DAYS DEFINED AS APPLIED TO ARTICLE V, Section 11(A) OF CONSTITUTION The references in Section 11A, Article V, Oklahoma Constitution, to "sixty days" mean sixty "legislative" days rather than sixty "calendar" days. The Attorney General has considered your letter of January 27, 1971, wherein on behalf of yourself and Speaker Rex Privett you request the opinion of the Attorney General on the following question: "We wish to know the official opinion of the Attorney General as to whether the references in Section 11A (Article V, Section 11(a) Oklahoma Constitution) to `sixty days' mean `calendar' days or `Legislative' days." Your question is directed to Section 11A, Article V, Oklahoma Constitution, which provides: "The apportionment of the legislature shall be accomplished by the Legislature under the formulae contained in Sections 9A and 10A, within sixty days after the first regular session of the legislature following the adoption of this amendment, and thereafter the apportionment shall be within sixty days after the convening of the first regular session of the legislature following each Federal Decennial Census. If the legislature shall fail or refuse to make such apportionment within sixty days after the `convening of the legislature' after the adoption of this amendment, or if it shall thereafter fail within the time provided herein to make such reapportionment, then such apportionment or reapportionment, as the case may be, shall be accomplished by an Apportionment Commission composed of the Attorney General, Secretary of State, and the State Treasurer of the State of Oklahoma according to the provisions of Sections 9A and 10A of this Article." (Emphasis added) This section was adopted and became a part of the Oklahoma Constitution upon approval of State Question No. 416 on May 26, 1964. A plain reading of Article V, Section 11A of Article 5 provides that the initial responsibility for apportionment be a sole legislative function, and in so providing, the amendment requires the legislature to accomplish such apportionment "within 60 days after the convening of the first regular session of the Legislature following each Federal Decennial Census." It is obvious that apportionment by the Legislature can only be accomplished while the legislature is in session and transacting business; consequently, a definition of the word "session" will become imperative to the interpretation of this amendment. In 1931, Article V, Section 21, Article V of the Oklahoma Constitution provided: "Members of the legislature shall receive $6 per diem for their services during the session of the legislature, and ten cents per mile for every mile of necessary travel in going to and returning from the place of meeting the Legislature, on the most usual route, and shall receive no other compensation: Provided, that members of the Legislature, except during the first session thereof held under this Constitution, shall receive only $2 per diem for their services after sixty days of such session have elapsed."(Emphasis added) The Supreme Court of Oklahoma in Shaw v. Carter, 148 Okl. 57,297 P. 273, was called upon to construe this Section of the Constitution with reference to the payment of $6 per diem to members of the legislature after sixty calendar days of the legislative session had expired but before sixty legislative days had elapsed. The syllabi in the Shaw case state, to-wit: "Section 21 of Article 5 of the Constitution of the State of Oklahoma provides in part as follows: `Members of the Legislature shall receive $6 per diem for their services during the session of the Legislature'; held, that `during the session' means during that time the Legislature is assembled at the seat of government in the faithful performance and discharge of their duties as a legislative body. (Emphasis added) "Section 21 of Article 5 of the Constitution of Oklahoma provides in part as follows: `That members of the Legislature shall receive only $2 per diem for their services after 60 days of such session has elapsed'; held, that 60 days of such session' means 60 legislative working days." (Emphasis added) The following language appears in the body of the Opinion: "As observed, a day of such session is to be construed as a day during which the Legislature was convened, actually engaged in business, sitting for the transaction of business. Such is the meaning of a `day of such session,' and `after 60 days of such session has elapsed,' that is, having passed away, then the members thereof shall receive only $2 per diem for their services. We conclude that `after 60 days of such session has elapsed,' that is, 60 legislative working days wherein there was an actual assemblage of the Legislature for business, and wherein there was an actual sitting of the members of such body for the transaction of business, then the payment of $2 per diem commences. This appears the plain, obvious meaning of the section." (Emphasis added) The Shaw case cites with approval the earlier case of Ralls v. Wyand, 40 Okla. 323, 138 P. 58, wherein the Oklahoma Supreme Court dealt with the question of whether an Initiative Petition filed with the Secretary of State was filed within the time prescribed by Section 3, Article V, Section 3 of the Oklahoma Constitution. More particularly, the Court considered the question whether the Petition was filed within the required 90-day period following final adjournment. In considering this question, the Court was compelled to define the word "session" in order to determine the adjournment date. In so doing, the Court rendered the following definition: "The meaning of the word `session' is the sitting of a body, competent for the transaction of its business; the time during which it is convened and actually engaged in business; the time during which a legislative body or other assembly sits for the transaction of business." (Emphasis added) The rationale and definitions contained in the Ralls case, as with Shaw v. Carter, when applied to the instant question requires the conclusion that the sixty day provisions of Section 11A Article V are in fact references to "legislative" days. It is our further conclusion that a plain reading of Section 11A, Article V contemplates a construction allowing sixty "legislative" days; and that the pertinent part of Section 11A providing: ". . . And thereafter the apportionment shall be within 60 days after the convening of the first regular session of the Legislature following each Federal Decennial Census. If the Legislature shall fail or refuse to make such apportionment within sixty days after the convening of the Legislature. . ." is subject to the same interpretation afforded the term "sixty days of such session" by the Supreme Court in Shaw v. Carter, that being, sixty "legislative" days. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The references in Section 11A, Article V, Oklahoma Constitution, to "sixty days" mean sixty "legislative" days rather than sixty "calendar" days. (Marvin C. Emerson) (Legislative days)